IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22cv02362

JAN MASON,

     Plaintiff,

v.

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

     Defendant.

## **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston[1] ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Jan Mason ("Plaintiff"), and states as follows:

1. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania. Lincoln admits that, at certain times, it was the insurer of benefits from the

---

[1] The correct name of the Defendant in this action is The Lincoln National Life Insurance Company. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston was the issuer of the relevant life insurance policy. However, the name of the entity "Lincoln Life Assurance Company of Boston" was changed to "The Lincoln National Life Insurance Company" after it merged with The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

Charter Communications, Inc. Long Term Disability Plan (the "LTD Plan") through a Group

Disability Income Policy number GD/GF3-840-444809-01 (the "Policy") issued to Charter

Communications, Inc. ("Charter") by Lincoln.  Lincoln denies all remaining allegations contained in

paragraph 2 of the Complaint.

3.    Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current

residence, and accordingly, denies this allegation.  Lincoln denies all remaining allegations

contained in Paragraph 3 of the Complaint.

4.    To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to

respond.  To the extent a response is required, Lincoln admits that venue is proper in this Court.

Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.    Lincoln admits that Plaintiff was, at certain times, employed by Charter as a Billing

Department Customer Service Representative and that her last day of work at Charter was April 16,

2019.  Lincoln admits that Plaintiff was, at certain times, a participant in the LTD Plan sponsored by

Charter to provide to provide long term disability benefits to certain of its employees.  Lincoln

admits that it issued the Policy to Charter and that, at certain times, the Policy insured benefits from

the LTD Plan under the terms of the Policy.  Lincoln admits Plaintiff's claim for recovery of benefits

from the LTD Plan under the Policy is governed by Section 502 of ERISA (29 U.S.C. §

1132(a)(1)(B)).  Lincoln denies all remaining allegations contained in paragraph 5 of the Complaint.

6.    Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected

in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the

Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best

evidence of its contents.  Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits it sent a letter to Plaintiff dated July 21, 2020, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln denies all allegations contained in Paragraph 9 of the Complaint.

10.     Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln denies all allegations contained in Paragraph 11 of the Complaint.

12.     Lincoln admits it sent a letter to Plaintiff dated July 21, 2020, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits it sent a letter to Plaintiff dated March 17, 2021, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is contained in the administrative record, and Lincoln refers to the administrative record itself as the best evidence of its contents.  Lincoln admits it sent a letter to Plaintiff dated March 17, 2021, and Lincoln refers to the letter itself as the best evidence of its contents.  Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B).  Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln denies all allegations contained in Paragraph 15 of the Complaint.

16.     To the extent that Paragraph 16 contains legal conclusions, Lincoln is not required to answer.  Lincoln admits that by this action, Plaintiff is seeking relief under ERISA, but Lincoln

denies Plaintiff is entitled to any such relief or recovery from it. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that Paragraph 17 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery from it. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. To the extent that Paragraph 18 contains legal conclusions, Lincoln is not required to answer. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from an employee benefit plan governed under ERISA, along with attorneys fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery from it. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

Lincoln denies that Plaintiff is entitled to the relief requested in the Wherefore Paragraph of the Complaint. Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

For further defense, if such be necessary, Lincoln shows the Court as follows:

1. Plaintiff's Complaint fails to state a claim on which relief may be granted.

2. Plaintiff's claims are barred, in whole or part, under waiver, estoppel, unclean hands, and laches.

3.      The standard of review by the District Court in this case should be whether Lincoln's decision was arbitrary and capricious, because the Policy and relevant plan documents contain sufficient discretionary language to invoke this standard.

4.      Plaintiff's recovery of benefits, if any, from Lincoln is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

5.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

6.      Plaintiff's claims are barred to the extent the Complaint was not filed within the LTD Policy or statutory limitations period.

7.      Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln requests that this Court dismiss Plaintiff's Complaint with prejudice, award Lincoln its costs and fees expended herein, and grant Lincoln such other and further relief as the Court deems proper.

Respectfully submitted,

 */s/ Iwana Rademaekers*

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on October 19, 2022, I electronically transmitted the foregoing document to the

Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to

the following ECF registrants:

> ***Counsel For Plaintiff:***
> Kenneth J. Shakeshaft, Esq.
> E-mail:  office@shakeshaftlawfirm.com

>  /s/ *Iwana Rademaekers*
> Iwana Rademaekers