IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22cv02362

JAN MASON,

      Plaintiff,

v.

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

      Defendant.

---

## CIVIL CASE SCHEDULING ORDER IN AN ERISA ACTION

---

The parties submit the following scheduling order this case under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA").

**1.**    **Jurisdiction.**  The parties agree that ERISA governs this case.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)(1) & 1132(f). Venue is proper before the Court pursuant to 28 U.S.C. § 1391(a) & (b) and 29 U.S.C. §1132(e)(2).

**2.**    **Consent.**  All parties have ___ have not _X_ consented to the exercise of jurisdiction of a Magistrate Judge.

**3.**    **Scheduling Conference.**  The Scheduling Conference may be vacated provided the parties file at least seven (7) days in advance of the Conference a joint motion attaching their proposed ERISA Scheduling Order and requesting the Court vacate the Scheduling Conference.

**4.**    **Standard of Review.**  The parties do not agree on the standard of review and will brief this issue within their respective briefs on the merits anticipated in No. 7 below.

**5.**    **Discovery.**  Unless the parties have indicated in section 4 above that they do not need discovery, they may serve discovery requests consistent with the principles that the Tenth Circuit has established in *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1162 (10th Cir. 2010) (arbitrary and capricious standard of review); *Jewell v. Life Ins. Co. of N. Am.*, 508 F.3d 1303 (10th Cir. 2010), *cert. denied*, 553 U.S. 1079 (2008) (*de novo* standard of review). If the parties disagree over the permissibility of any discovery request, they will attempt to resolve the dispute by conferring pursuant to D.C.COLO.LCivR 7.1.A.  If the parties cannot resolve their dispute, the parties then will bring the dispute before the Court for resolution.  The deadline for submission of any motion regarding discovery is **January 3, 2023**.  This provision is not intended to alter any judicial officer's practice standards regarding the filing of discovery motions.

**6.**    **Settlement.**  The parties certify that, as required by Fed.  R. Civ.  P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution.  The Court directs the parties to file a status report concerning settlement five business days prior to the deadline for filing the opening brief on the merits.

**7.**    **Proposed Schedule.--**The parties propose the following schedule in this case:

(a)    November 18, 2022    Defendant produces bates stamped administrative record to plaintiff.

(b)    January 3, 2023            Discovery cut off.

(c)    February 7, 2023          Deadline  for  motion  to  supplement  the  administrative record.

(d)    March 3, 2023          Defendant submits copy of the administrative record to the Court.

(e)    April 14, 2023          Plaintiff's opening brief on the merits.

(f)    May 12, 2023          Defendant's response brief on the merits.

(g)    May 26, 2023        Plaintiff's reply brief on the merits.

(h)    June 5, 2023    Joint Motion for Determination.

[*Note:  The parties should be prepared to have the case submitted to the Court no later than approximately one year after filing of the action.*]

DATED this ___day of _____, 20__.

BY THE COURT:

_____

APPROVED.


*/s/ Kenneth J. Shakeshaft (by permission)*        */s/ Iwana Rademaekers*
Kenneth J. Shakeshaft, Esq.                    Iwana Rademaekers, Esq.
KENNETH SHAKESHAFT, P.C.                    LAW OFFICES OF IWANA RADEMAEKERS, P.C.
627 N. Weber Street, Suite 1                    17304 Preston Road, Suite 800
Colorado Springs, CO  80903                    Dallas, Texas 75252
PH:  (719) 635-5886                        Main:  (214) 579-9319
E-mail:  office@shakeshaftlawfirm.com            Email:  iwana@rademaekerslaw.com

*Counsel for Plaintiff Jan Mason*            *Counsel for Defendant Lincoln Life Assurance Company of Boston*