Lincoln/Mason 0105

| From: | LFGNotifications@LFG.com |
|---|---|
| Sent: | Wednesday, March 17, 2021 3:29:01 PM |
| To: | J                                         .COM; |
| CC: | |
| BCC: | |
| Subject: | [Send Secure]Charter Communications, Inc. Claim No. 9291624 Jan Mason |
| Attachments: | sbigxm39sdyu7h1uebdo_10127548.pdf; |

This notification contains important information regarding a claim with Lincoln Financial Group company. THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT RESPOND. You may use the contact information in the attached letter to respond if needed.

EXHIBIT

2



Lincoln Life Assurance Company of Boston
Disability and Life Claims
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 430-1926

March 17, 2021

Ms. Jan K. Mason

RE:    Long Term Disability (LTD) Benefits
       Charter Communications, Inc.
       Claim #: 9291624

Dear Ms. Jan Mason:

We reviewed your appeal request for Long Term Disability ("LTD") benefits and maintain the decision to deny benefits beyond July 20, 2020.

**Initial Claim Decision**

You submitted a claim for your absence from work as of April 17, 2019, as a result of back and hip pain.  LTD benefits were approved from October 16, 2019 through July 20, 2020.  Benefits beyond July 20, 2020 were denied as the evaluation concluded you were no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated July 21, 2020. You were provided an opportunity to request an appeal review of the denial, stating the reasons why you felt your claim should not have been denied, and submit additional information to support your claim. Specifically, you were advised to submit the following information:

> *Office treatment notes, diagnostic test results, prescribed medications, procedure reports, exam findings, and specific restrictions/limitations given beyond July 20, 2020, that support your inability to perform one or more of the material and substantial duties of your Own Occupation.*
>
> *You should also provide any additional information that you feel will support your claim.*

**Appeal**

In your letter of appeal dated July 21, 2020, you indicated you were submitting a written request for review.  You advised you have not been released by your surgeon and are completing six additional weeks of physical therapy so you can gain strength in your right hip to move forward with left SI joint fusion, left labral reconstruction and possible right hip replacement.  You indicated you were being referred to an additional spine surgeon for continued and ongoing lumbar spine issues

**Lincoln/Mason 0106**

dating back to December of 2017.

In support of your claim, you submitted the following information:

- Form Major Dysfunction of a Weight Bearing Joint completed by Dr. Kent dated July 1, 2020;
- The Pelvis – Posterior View;
- Request for Reconsideration dated June 24, 2020;
- Medical records from Colorado Springs Orthopedic Group dated February 6, 2020 through August 19, 2020;
- Medical records from UC Health Aspen Creek Medical dated October 7, 2019 through July 1, 2020;
- Medical records from Fyzical Therapy and Balance Centers dated February 4, 2020 through August 20, 2020;
- Medical records from Dr. Salek dated February 12, 2020 through June 11, 2020;
- UpRight MRI of Colorado report dated July 21, 2020;
- Letter dated August 31, 2020 from Dr. Kent;

**Appeal Evaluation**

During the claim evaluation of ongoing benefits, your claim was reviewed by Dr. David A. Monti, a physician Board Certified in Physical Medicine and Rehabilitation. Dr. Monti indicated you were a 48 -year-old female who had chronic pain in the right back and hip region. Dr. Monti stated in September of 2017, you underwent a right sacroiliac joint fusion and initially did very well postoperatively with excellent resolution of pain. Dr. Monti advised you were involved in a motor vehicle collision in December of 2017 and experienced exacerbation of you right low back, right buttocks, right groin and right hip pain.

Dr. Monti indicated you continued to work and on April 17, 2019 underwent arthroscopic acetabuloplasty/femoroplasty with labral repair. Dr. Monti advised you continued to have pain the right buttocks and right low back but had some decreased hip pain. Dr. Monti advised on December 9, 2019 you underwent labral reconstruction. Dr. Monti indicated by February you had improved, were off crutches but still using a cane. Dr. Monti stated by March 12, 2020, you did very well after the right hip surgery and would have no restrictions.

Dr. Monti advised in December of 2019, you also had left hip pain that did not worsen over time and thus any surgery for your left hip pain was put on hold.

Dr. Monti indicated you continued to have pain in the right low back and buttocks, but there was no evidence that there was a nonunion at the sacroiliac joint. Dr. Monti stated at one point you did have a spinal cord stimulator trial which worked, but you did not want permanent placement. Dr. Monti advised you were currently looking again into a possible spinal cord stimulator.

Dr. Monti advised your primary impairing diagnoses based on the medical records was: sacroiliitis; chronic pain syndrome; status post right sacroiliac joint fusion; other cartilage disorder right hip; other cartilage disorder left hip; low back pain; intervertebral disc disorder with radiculitis; lumbar intervertebral disc disorder; and status post labral repair and then reconstruction right hip.

**Lincoln/Mason 0107**

Dr. Monti concluded you had no restrictions or limitations related to your right hip pain beyond March 12, 2020.  In addition, Dr. Monti advised because the findings in the low back are chronic and there was nothing new to suggest more impairment, you had no restrictions or limitations related to low back pain from January 20, 2020 to the current time and ongoing.

Dr. Monti attempted to discuss your ongoing treating status with Dr. Sung and Huang.  Dr. Monti spoke to the nurse for both Dr Sung and Dr. Huang on July 16, 2020.  She advised Dr. Huang had not seen you since May 1, you were on a follow-up as needed basis and you had been released without any specific restrictions and limitations.  The nurse advised you were recently seen by Dr. Sung and released from his care and placed in a course of physical therapy.  She advised there was a recommendation for possible left sided sacroiliac joint fusion versus spinal cord stimulator.  The nurse advised you were released with no restrictions and limitations and to follow-up with Dr. Huang for your right hip pain.

During the review of your appeal, your claim was reviewed by Dr. Daniel Fung, an independent physician Board Certified in Physical Medicine & Rehabilitation and Pain Medicine.  Dr. Fung advised the medical evidence supports the diagnoses of femoroacetabular impingement bilaterally, right hip labral tear, lumbar degenerative disc disease, lumbar spondylosis, and bilateral sacroiliitis.

Dr. Fung indicated the MRI findings of the lumbar spine on July 21, 2020 included degenerative disc disease, degenerative central spinal stenosis, and degenerative neuroforaminal stenosis. Dr. Fung noted the findings were all mild to moderate in degree, there was no obvious impingement of exiting nerve roots and no visualized myelomalacia.  Dr. Fung advised you had two subsequent medical visits, one with Dr. Huang and one with Dr. Sung for your worsening pain and symptomatology.  Dr Fung indicated there was no new physical examination findings and the most significant and consistent physical examination findings included tenderness and decreased range of motion.  Dr. Fung advised you did not have any neurologic deficits and no new restrictions were given by either physician.

Dr. Fung stated while you have subjective complaints of pain and falls, there was a lack of function deficits on physical examination to support the need for restrictions.  Dr. Fung concluded, based on the provided medical documentation since July 21, 2020, there was no evidence precluding you from sustained occupational functioning on a full-time basis.

Dr. Fung attempted to discuss your ongoing treating status with Dr. Sung/Dr. Huang on September 4, 2020 and September 10, 2020, leaving messages in Kirsten's general office voicemail.  Dr. Fung did not receive a return call.  Dr. Fung also attempted to discuss your ongoing treating status with Dr. Kent on September 4, 2020, speaking to Jennifer and leaving a message for a return call.  On September 9, 2020, Dr. Kent returned the call and left a message with an alternate number.  On September 10, 2020, Dr. Fung attempted to reach Dr. Kent at the alternate number, leaving a message in voice mail.  Dr. Fung did not receive a return call.

On September 18, 2020, we faxed copies of Dr. Fung's review to Dr. Huang, Dr. Sung and Dr. Kent, with copies to you, asking that they review the report and provide any comments they wished to have considered, detailing specific areas of disagreement and providing medical documentation to support their position.  We asked they provide their response by October 3, 2020.

**Lincoln/Mason 0108**

On September 25, 2020, we emailed you a letter which included a copy of Dr. Fung's clinical review performed in connection with your request for reconsideration. You were given an opportunity to review and respond with any additional information you would like considered before a final determination was made on your appeal. We asked you provide your response by October 16, 2020.

On September 28, 2020 at your request, we refaxed the report to Dr. Huang, Dr. Sung and Dr. Kent. In addition, at your request, the report was also faxed to Dr. Salek and Dr. Kudron.  We did not receive a response from Dr. Huang, Dr. Sung, Dr. Salek or Dr. Kudron.

We received the following additional documentation:

- Medical record from Dr. Kudron dated September 4, 2020;
- Medical record from Dr. Salek dated September 8, 2020;
- Medical record from Colorado Springs Orthopedic Group dated November 10, 2020;
- Letters dated August 31, 2020 and November 30, 2020 from Dr. Kent;
- Medical record by UCHealth – Dr. Kent dated August 19, 2020 and October 14, 2020;
- Statement by you dated November 26, 2020;
- Letter dated December 7, 2020 from Marc Phillips, PT, DPT, OCS;

In order to insure a full and fair review of your claim, your file with the updated information was reviewed by Dr. Eric Kerstman, an independent physician Board Certified in Physical Medicine and Rehabilitation and Pain Medicine.  Dr. Kerstman spoke to Dr. Kent on December 18, 2020 and relayed the conversation as follows:

> *I spoke with Jeffrey Kent, M.D. who said that he is the claimant's primary care physician. He said that he last evaluated the claimant on 10/22/2020, and that the claimant has chronic pain involving her low back and hips. He said that he has not addressed the claimant's work capacity, and that he has not outlined any work restrictions or limitations for the claimant. He said that the claimant is otherwise healthy and that she has no general medical conditions or medication side effects that would affect her work capacity. Dr. Kent said that he would defer to the claimant's orthopedist and pain management physician regarding her work capacity, restrictions, and limitations. He said that he expects to see the claimant for her follow-up next month. I reached consensus with Dr. Jeffrey Kent.*

In addition, Dr. Kerstman spoke to Marc Phillips, physical therapist and relayed the conversation as follows:

> *I spoke with Physical Therapist Marc Phillips, who said that the claimant has been under his care for the treatment of chronic low back pain and right hip pain. He said that the claimant was last treated on 11/3/2020, and that she plans to resume physical therapy in January of 2021. He said that the claimant was making progress with her hip pain, but that she still has severe low back pain. He said the she has a Trendelenburg gait pattern requiring the use of a cane secondary to pain and bilateral hip weakness. He said that the claimant has approximately 3+/5 weakness of both hips, and has had mild improvement in hip strength. He said that in his opinion, the claimant would have difficulty performing*

**Lincoln/Mason 0109**

*prolonged sitting, standing, and walking due to the severity of her pain, and that she requires additional physical therapy, and possibly surgical treatment to obtain significant improvement in her functional capacity. I reached consensus with Physical Therapist Marc Phillips.*

Dr. Kerstman advised the diagnoses supported by the medical evidence are: chronic low back pain; chronic bilateral hip pain; history of a right sacroiliac joint fusion; history of a right hip labral reconstruction; femoroacetabular impingement of both hips; left acetabular labrum tear; lumbar spine spondylosis; and hypertension.

Dr. Kerstman indicated taking into consideration the entire clinical picture, including standards of care and evidence based medicine, you have the following restrictions and limitations for the period July 21, 2020 to the present based on your conditions of chronic low back pain, chronic bilateral hip pain, history of a right sacroiliac joint fusion, history of a right hip labral reconstruction, femoroacetabular impingement of both hips, a left acetabular labrum tear, and lumbar spine spondylosis due to associated pain and decreased mobility:

*The claimant can lift, carry, push, and pull up to a maximum of 10 pounds occasionally.*
*The claimant can sit for 1 hour at a time for a total of 6 hours in an 8 hour workday, with the ability to change positions from sitting to standing or walking as needed for comfort.*
*The claimant can stand for 30 minutes at a time for a total of 2 hours in an 8 hour workday.*
*The claimant can walk for 30 minutes at a time for a total of 2 hours in an 8 hour workday.*
*The claimant can occasional bend, kneel, squat, stoop, and climb stairs,*
*No climbing ladders, exposure to unprotected heights, or operating dangerous machinery while taking muscle relaxant medications or any other potentially sedating medications.*
*No restrictions or limitations in the use of the upper extremities to perform reaching, handing, grasping, fingering, or keyboarding.*

In addition, Dr. Kerstman advised;

*The above noted restrictions and limitations are supported until the claimant undergoes further treatment with a spinal cord stimulator and/or a possible right total hip arthroplasty. If this has not occurred by 02/10/2021, the claimant should be reevaluated at that time.*

*The medical rationale for the R/L is to prevent exacerbation of the claimant's symptoms and to prevent further injury.*

Dr. Kerstman advised you are capable of full-time sustained occupational functioning within the restrictions and limitations set forth above.

Dr. Kerstman was asked to address the restrictions indicated by Dr. Kent in his letter dated August 21, 2020.  Dr. Kerstman advised:

*No. I do not agree that the claimant has ongoing debility and that she needed to remain on long-term disability throughout this year with reassessment at the end of the year. The*

**Lincoln/Mason 0110**

*abnormalities on physical examination and diagnostic testing are not of a severity to support that the claimant would be precluded from performing full-time work within the above noted restrictions and limitations.*

Dr. Kerstman was also asked to address Mr. Phillips restrictions.  Dr. Kerstman advised:

*No. I do not agree that the claimant would not be able to perform any occupation in any capacity since December of 2016 to the present. The abnormalities on physical examination and diagnostic testing are not of a severity to support that the claimant would be precluded from performing full-time work within the above noted restrictions and limitations.*

On January 5, 2021, copies of Dr. Kerstman's report were emailed to Dr. Kent and Mr. Smith with a copy to you, requesting they review the report and provide any comments they wished to have considered, including if they disagreed with the report, to provide specific areas with which they disagreed and provide medical documentation to support their position.  We asked that they respond by January 20, 2021.

In response, we received the following:

- Surgery Information  Form dated February 22 and email from you advising of hip surgery scheduled for February 22, 2021;
- Functional Capacity Evaluation by Mr. Phillips dated January 20, 2021;
- Cov-19 Screening and Clearance;
- Medical record from Colorado Springs Orthopedic Group dated  December 4, 2021 through January 19, 2021;
- Operative Report dated February 22, 2021.

The additional documentation was forwarded to Dr. Kerstman for review.  Dr. Kerstman advised he spoke to Dr. Bron on March 8, 2021 and relayed their conversation as follows:

*I spoke with Dr. Bron who said that the claimant underwent a right total hip replacement approximately 2 weeks ago. He said that she should remain off work in any capacity for approximately 6 weeks. Dr. Bron said that the claimant should be able to perform sedentary to light physical demand level work approximately 6 weeks postoperatively depending on her recovery. He said that he did not place the claimant on any restrictions or limitations prior to her surgery. He said that she is currently ambulating with a walker and is taking Oxycodone as needed for pain.*

Dr. Kerstman advised in his prior report you would have restrictions from July 21, 2020 to the present of:

*The claimant can lift, carry, push, and pull up to a maximum of 10 pounds occasionally. The claimant can sit for 1 hour at a time for a total of 6 hours in an 8 hour workday, with the ability to change*
*positions from sitting to standing or walking as needed for comfort.*
*The claimant can stand for 30 minutes at a time for a total of 2 hours in an 8 hour workday.*

**Lincoln/Mason 0111**

> *The claimant can walk for 30 minutes at a time for a total of 2 hours in an 8 hour
> workday.*
> *The claimant can occasional bend, kneel, squat, stoop, and climb stairs.*
> *No climbing ladders, exposure to unprotected heights, or operating dangerous machinery
> while taking muscle relaxant medications or any other potentially sedating medications.*

Dr. Kerstman noted the restrictions and limitations were supported until you underwent further treatment with a spinal cord stimulator and/or possible right total hip arthroplasty.

Dr. Kerstman was asked to review the updated documentation and indicate if you would have had sustained occupational functioning on a full time basis for the period July 21, 2020 to the present. Dr. Kerstman concluded:

> *Based on my review of the provided documentation, the above noted resections and
> limitations are supported from 7/21/2020 until the date of right total hip arthroplasty
> performed on 2/22/2021. The claimant would have been capable of sustained occupational
> functioning on a full time basis for the period 07/21/20 until 02/22/2021. The claimant
> would be unable to work in any capacity as of 2/22/2021 to the present secondary to the
> right total*
> *hip arthroplasty performed on 2/22/2021. The claimant's functional capacity should be
> evaluated approximately 6 weeks postoperatively.*
>
> *As per my conversation with the treating provider, Orthopedist Tyler Bron, M.D., he said
> that the claimant underwent a right total hip replacement approximately 2 weeks ago. He
> said that the claimant should remain off work in any capacity for approximately 6 weeks.
> Dr. Bron said that the claimant should be able to perform sedentary tol light physical
> demand level work approximately 6 weeks postoperatively depending on her recovery.*

Your claim was reviewed by a vocational consultant, who completed an occupational analysis in order to identify the material and substantial duties of your occupation of Rep 3, Customer Service Billing as it is normally performed in the national economy. The analysis showed your occupation is performed at the sedentary level with constant sitting, occasional reaching, handling, fingering, standing and walking.

Our role in reviewing your file is to determine whether your medical condition and the medical documentation contained in your file supports you are unable to perform the material and substantial duties of your own occupation beyond July 20, 2020. We are not required to ensure the availability of this occupation or that you return to active employment with your former employer in the same or different position.

It is important to clarify that the existence of a medical condition/diagnosis in and of itself does not equate to eligibility for disability benefits. The focus of our assessment was not whether or not a condition exists; but rather whether or not impairment exists that would preclude you from performing the duties of any occupation.

We are aware your claim for Social Security Disability Income benefits is being processed.  It should be noted any ruling by the Social Security Administration, in and of itself, does not determine entitlement to benefits under the terms and conditions of Charter Communications, Inc.'s

**Lincoln/Mason 0112**

Long Term Disability Policy.

## Conclusion

We conducted a thorough and independent review of your entire claim.  In summary, we acknowledge you may have continued to experience some symptoms associated with your condition beyond July 20, 2020.  However, the information does not contain physical exam findings, diagnostic test results or other forms of medical documentation supporting your impairments and symptoms remained of such severity, frequency and duration they resulted in restrictions or limitations rendering you unable to perform the duties of your occupation after that date.

Having carefully considered all of the information submitted in support of your claim, our position remains proof of your continued disability in accordance with the Policy provisions after July 20, 2020 has not been provided.  While there is a period of disability after your hip procedure on February 22, 2021, that is well after your benefits ended.  Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

## Policy Provisions

In order to continue receiving benefits, you must satisfy the requirements of all Policy provisions that state, in part:

> **"Disability"** or **"Disabled"**, with respect to Long Term Disability, means:
> 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:
> i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.
> 2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:
> **"Disability"** or **"Disabled"** means as a result of Injury or Sickness: (a) the Covered Person cannot perform the material and substantial duties of his own occupation; and (b) after benefits have been paid for 12 months, the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation
>
> **"Own Occupation"**, with respect to Long Term Disability, means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is normally performed in the national economy.
>
> **"Material and Substantial Duties"**, with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.
>
> **"Proof"** means the evidence in support of a claim for benefits and includes, but is not limited to, the following:

**Lincoln/Mason 0113**

*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*
*Proof must be submitted in a form or format satisfactory to Liberty.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, you were entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information you wished to be considered as part of the appeal.  Lincoln Financial Group has conducted a full and fair review of your appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, your administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and your claim will remain closed.  You may request to receive, free of charge, copies of all documents relevant to your claim.  You have the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

### Legal Proceedings
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

If your plan is subject to ERISA, you may have other voluntary alternative dispute resolution options, such as mediation.  One way to find out what may be available is to contact your local U.S. Department of Labor Office or your state insurance regulatory agency.  In addition, once all required reviews of your claim have been completed, you have the right to bring a civil action under applicable law.  Your employer's plan has a contractual limitations period of three year 3, which means that a lawsuit must be brought within three (3) years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is June 15, 2024.

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in Charter Communications, Inc.'s Policy.  These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.  No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

*If you had planned to provide additional information to support your claim but have been unable to do so in light of the COVID-19 emergency, please know that you may submit information for*

**Lincoln/Mason 0114**

*up to 60 days after the end of the National Emergency. If that is the case, please contact me at the number below as soon as possible."*

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding your claim and appeal rights.

如果您需要翻译方面的帮助，请联系我，我会免费为您服务以促了解您的要求和诉求。

Shá ata' hane'go shíká a'doowoł nínízingo saad hosíníłįį' dóó ná'ookąąh nííní'ąągo naaltsoos nííníłtsoozígíí hazho'ó bik'idi'deeshtįįł nínízingo doo bąąh ílínígóó níká a'doowoł éí biniiyé shił hodíílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Mary Avrett
Appeals Consultant
Phone No.: (888) 437-7611 Ext. 16371
Secure Fax No.: (603) 430-1926

**Lincoln/Mason 0115**